IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 10 2015

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

| | | |
|---|---|---|
| **CALVIN JAMES,** | ) | CASE NO. 7:15CV00415 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **CHRISTOPHER ZYCH, WARDEN,** | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Calvin James, an inmate at the United States Penitentiary in Lee County, Virginia, filed this pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. James alleges that he should be resentenced, because his federal criminal sentence as imposed is unlawful under Johnson v. United States, __U.S.__, 135 S. Ct. 2551 (June 26, 2015). Upon review of the record, the court concludes that his claim for relief under § 2241 in this court must be summarily denied without prejudice. The court will, however, construe the submission as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, and transfer it to the sentencing court.

James was convicted in the United States District Court for the District of Minnesota on one count of bank robbery and sentenced to a total of 210 months in prison. The United States Court of Appeals affirmed his conviction. United States v. James, 534 F.3d 868 (8th Cir. 2008), cert. denied, 557 U.S. 915 (2009). James' motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, filed in the sentencing court, was unsuccessful. James now petitions this court under § 2241 for habeas corpus relief under the Johnson decision, which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process.

As stated, James' claim challenges the legality of his federal sentence as imposed. Such claims must normally be raised on appeal or in a § 2255 motion in the sentencing court. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Petitioner's § 2241 petition raising such claims is barred unless it meets the stringent standard mandated under the Jones decision. 226 F.3d at 333-34 (finding that challenge to federal conviction is barred from review under § 2241 absent a showing that under a post-conviction change in the law, petitioner's offense conduct is no longer criminal); see also United States v. Surratt, __F.3d__, 2015 WL 4591677 (4th Cir. July 31, 2015) (applying In re Jones to bar § 2241 sentencing relief under retroactive appellate court decision issued after petitioner's initial § 2255 motion, because petitioner's offense conduct remained criminal).

The current petition fails to state facts on which James could satisfy the Jones standard. Because the Johnson decision had no effect on the criminality of James' offense conduct -- bank robbery -- he cannot proceed with his claims under § 2241. Therefore, the court will deny without prejudice James' claim under § 2241 for sentencing relief under Johnson. The court will also construe James' submission as a § 2255 motion, however, which will be transferred to the United States District Court for the District of Minnesota. A corresponding order shall issue this day.

ENTER: This 10th day of September, 2015.

/s/ Jen Conrad
Chief United States District Judge