UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CALVIN JAMES, | Case No. 15-CV-3633 (ADM/SER) |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER ZYCH, Warden U.S.P. Lee, | |
| Respondent. | |

---

Petitioner Calvin James was found guilty after a jury trial in this District of one count of bank robbery in violation of 18 U.S.C. § 2113(a). *See United States v. James*, No. 06-CR-0265 (ADM/JJG) (D. Minn. complaint filed Aug. 1, 2006). At sentencing, the Court determined that James was subject to the United States Sentencing Guidelines career-offender enhancement and imposed a 210-month term of imprisonment. The conviction and sentence were affirmed on appeal. *See United States v. James*, 534 F.3d 868 (8th Cir. 2008). Since that time, James has repeatedly sought post-conviction relief, both under 28 U.S.C. § 2255 and other provisions. Each of those motions for post-conviction relief has been denied.

In June 2015, the Supreme Court found the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague. *See Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* is not directly relevant to James's conviction — James was found guilty of bank robbery, not violating the ACCA — but the career-offender enhancement pursuant to which James was sentenced includes language similar to the language in the ACCA that was invalidated by *Johnson*. James, who is now incarcerated at the United States Penitentiary in Lee County, Virginia, filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia arguing that

*Johnson* requires that he be resentenced without reference to the career-offender enhancement. *See* ECF No. 1.  Because James was challenging the validity of a federal sentence, the Virginia court construed James's habeas petition as a motion under § 2255 and transferred the petition to this District for further consideration.

This Court, however, is without jurisdiction to consider James's petition for post-conviction relief.  Under 28 U.S.C. § 2255(h),

> A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

There is no doubt that James's current petition, when construed as a motion for relief under § 2255, is a second-or-successive motion by James for relief under that provision.  *See, e.g.*, ECF No. 120.  Until James receives authorization to pursue the claims raised in his most recent petition for post-conviction relief, this Court is without authority to consider the petition.

When improperly presented with a second-or-successive motion for relief under § 2255, a district court may dismiss the motion or transfer the motion to the appropriate court of appeals. *See United States v. Echerivel*, 500 Fed. App'x 568, 569 (8th Cir. 2013) (per curiam) (citing *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002)).  James has not presented any "newly discovered evidence that, if proven and viewed in light of the evidence as a whole," would establish his innocence of the offense for which he was convicted.  28 U.S.C. § 2255(h)(1).

There is a non-frivolous argument, however, that James is seeking relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court recognizes that the Eighth Circuit has previously denied authorization for a challenge similar to that being raised by James in this case. *See Richardson v. United States*, No. 15-3188, 2015 WL 8956210, at *1 (8th Cir. Dec. 16, 2015). That said, the Eighth Circuit has not stated that a petitioner may *never* seek relief on the claim raised by James in a second-or-successive motion under § 2255; instead, the Eighth Circuit has found only that the petitioner raising the claim in that previous case failed to make the necessary showing of retroactivity. *Id*. Because the Eighth Circuit left open the possibility that a petitioner in James's situation can demonstrate that a challenge under *Johnson* to the career-offender enhancement relies upon a new rule of law made retroactive by the Supreme Court to cases on collateral review, the Court finds that a transfer of James's petition to the Eighth Circuit is in the interests of justice here.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT this matter be TRANSFERRED to the Eighth Circuit Court of Appeals.

Dated: January 4, 2016         s/Ann D. Montgomery
                               Ann D. Montgomery
                               United States District Court Judge